RECEIVED
FEB 1 7 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **AUDRENNE CAESAR, ET AL** | **CIVIL ACTION NO. 2:16-00022** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **DREW FONTENOT, ET AL** | **MAG. JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a "FRCP Rule 12(b)(6) Motion to Dismiss" (R. #8) filed by defendants, Drew Fontenot, Tisha Wittington, Michael Oakley, Robert Pete, Karl Bruchhaus, and Calcasieu Parish School Board, who pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) move the court to dismiss certain claims asserted in plaintiffs' Petition for Damages for failure to state a claim upon which relief can be granted. Specifically, defendants seek to dismiss with prejudice the following claims; (1) punitive damages against the Calcasieu Parish School Board ("CPSB"), (2)the official capacity claims against Tisha Wittington, Drew Fontenot, Michael Oakley, Robert Pete and Karl Bruchhaus, (3) allegations of vicarious liability of the CPSB, and (4) the hiring, training and supervision claims against the CPSB. Plaintiffs have filed no opposition to the instant motion.

**ALLEGATIONS**

Plaintiffs make the following allegations in their Petition for Damages: Audrenne and Leonard Caesar are the parents and natural tutors of their minor daughter, M.T. Caesar. Plaintiffs name as defendants, Drew Fontenot, Tisha Wittington, Robert Pete, Michael Oakley, Karl Bruchhaus and the CPSB. On or about December 16, 2014, M.T. was enrolled at Iowa High School and was on the basketball team which was being coach by defendant, Drew Fontenot (hereinafter referred to as "Coach Fontenot"). Sometime during basketball practice that day, Coach Fontenot struck M.T. on her cheek.

In early January, after M.T. informed her parents of the alleged "unwarranted attack,"[1] Mr. and Mrs. Caesar met with Michael Oakley, Principal of the high school (hereinafter referred to as "Principal Oakley") and Coach Fontenot and informed Principal Oakley of the attack. In that meeting, Coach Fontenot admitted to striking M.T. After the meeting, Coach Fontenot was removed as coach of the girls' basketball team.

Coach Fontenot was replaced by defendant, Tisha Wittington (hereinafter referred to as "Coach Wittington"). Plaintiffs allege that Coach Wittington "began engaging in passive-aggressive tactics, both verbally and physical, which subjected PLAINTIFF undue stress, harassment, ridicule, anxiety, a loss of confidence."[2] Sometime after the January 2015 meeting, Mr. and Mrs. Caesar met with the Administrative Director of High Schools for Calcasieu Parish, Robert Pete. At this meeting, Mr. and Mrs. Caesar informed Mr. Pete of what had transpired between Coach Fontenot and M.T. as well as the meeting with Coach Fontenot and Principal Oakley.

In the early summer of 2015, M.T. tore her ACL and was not able to participate in varsity girl's practices and activities until November 23, 2015. On November 23, 2015, at a basketball game, Mr. Caesar observed Coach Wittington, "treat PLAINTIFF in a contradistinctive manner relative to the other players."[3]

On November 30, 2015, Mrs. Caesar participated in a meeting with Karl Bruchhaus, Superintendent for the CPSB and informed Superintendent Bruchhaus of M.T.'s history since being struck by Coach Fontenot. After this meeting, Mr. Pete contacted Mr. Caesar to set up a meeting which was held on December 1, 2015. At the end of the meeting, Mr. Pete informed Mr. Caesar that he needed to contact Principal Oakley to schedule a meeting to discuss Mr. Caesar's concerns.[4]

---

[1] The court notes that plaintiffs allege that this meeting took place in January 2014 which would be impossible since the alleged incident took place in December 2014.

[2] Plaintiffs' petition for damages, ¶ 5, R. #1-1.

[3] Id. ¶ 9.

[4] Id. ¶ 11.

The petition alleges that the following week "PRINCIPAL OAKLEY and COACH WITTINGTON looked in the direction of PLAINTIFF[5] and smirked. On December 7, 2015, the girls' basketball team participated in a tournament in Anacoco, Louisiana. During the game, Principal Oakley sat next to Mr. and Mrs. Caesar and had some discussion; at some point, Principal Oakley allegedly said, "why don't you take your daughter and leave, I am ready to sign the papers."[6]

The petition alleges that M.T. suffered injuries to her face, undue stress, harassment, ridicule, anxiety and loss of confidence.

**RULE 12(B)(6) STANDARD**

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[7] The pleading must allege facts which, when taken as true, raise the pleader's claim for relief beyond the level of speculation or suspicion.[8] Conclusions of law or recitations of necessary elements of a claim will not suffice.[9]

---

[5] The petition identifies PLAINTIFF as M.T.
[6] Id. ¶ 13.
[7] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).
[8] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
[9] Papasan v. Allain, 478 U.S. 265 (1986).

The court's analysis is restricted to the pleading at issue, its proper attachments and matters of public record.[10] A complaint must be dismissed under Rule12(b)(6) when it fails to allege a valid legal claim upon which relief could be granted.[11] Moreover, dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[12]

## LAW AND ANALYSIS

In their motion, defendants seek to dismiss with prejudice plaintiffs' claims of punitive damages against the CPSB under § 1983 and Louisiana state law, all claims against Drew Fontenot, Tisha Wittington[13], Michael Oakley, Robert Pete and Karl Bruchhaus in their official capacities, vicarious liability claims against the CPSB for its alleged employee actions in violation of § 1983, and all claims against Tisha Wittington, Robert Pete, Michael Oakley and Karl Bruchhaus. Again, as previously noted, plaintiffs have not opposed this motion.

*Punitive damages*

Plaintiffs are seeking punitive damages from the CPSB under both federal (§ 1983) and state law. However, the United States has held that § 1983 does not allow recovery of punitive damages against a governmental agency.[14] Furthermore, it is well settled that under Louisiana law, punitive damages are not allowed unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages are recoverable.[15] Because plaintiffs have failed to identify a

---

[10] Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278 (5th Cir. 2006) (internal citations omitted).

[11] Twombly, 550 U.S. at 555.

[12] Causey v. Sewall Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004)(quoting Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

[13] The motion refers to Tisha Worthington, however, the docket identifies this defendant as Tisha Wigginton.

[14] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271(1981); Davis v. West Community Hosp., 755 Fd.2d 455, 459 (5th Cir. 1985).

[15] International Harvester Credit Corp. v. Seale, 518 So.2d 1039, 1041 (La.1988).

statutory provision which allows recovery of punitive damages for their state law claims and because there can be no recovery of punitive damages against a governmental agency under § 1983, plaintiffs' claims for punitive damages under both state and federal law must be dismissed.

*Official capacity claims*

Plaintiffs have sued defendants, Coach Fontenot, Coach Wittington, Principal Oakley, Robert Pete and Superintendent Bruchhaus in their official capacities, and the CPSB as these defendants' employer. Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.[16] Thus, a suit against an entity such as the CPSB is the equivalent of a suit against the CPSB's employees in their official capacity. A plaintiff cannot maintain an action against both.[17] Accordingly, the claims against these defendants in their official capacities must be dismissed with prejudice.

*Vicarious liability*

Plaintiffs have asserted claims for vicarious liability against the CPSB with respect to the § 1983 allegations. The United States Supreme Court holds that the concept of vicarious liability against a governmental agency is inapplicable to § 1983 suits.[18] Plaintiffs' petition for damages seeks to hold the CPSB liable for the acts of its employees, Coach Fontenot, Coach Wittington, Principal Oakley, Robert Pete and Superintendent Bruchhaus. Accordingly, plaintiffs' claim against the CPSB under the doctrine of vicarious liability will be dismissed.

---

[16] Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985).

[17] Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001); Moton v. Wilkinson, 2009 WL 498487, at *1 (E.D. La. Feb. 26, 2009); see also Delouise v. Iberville Parish School Bd., 8 F.Supp 3d 789 (M.D. La. 2014)(school board employees cannot be sued in their official capacities because the claims are duplicative of these brought against the school board).

[18] Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Ashcroft v. Iqbal, 566 U.S. 662, 676 (2009).

*Constitutional claims against Coach Fontenot, Coach Wittington, Principal Oakley, Robert Pete and Superintendent Bruchhaus*

Plaintiffs have asserted constitutional violations against each of these defendants; plaintiffs' claims are based on violations of the First Amendment (right to freedom of association and speech), Fourth and Eighth Amendments (excessive force), and Fourteenth Amendment (due process).

These defendants maintain that plaintiffs have failed to allege any specific conduct that would give rise to a constitutional violation. Instead, defendants argue that plaintiffs have merely cited to federal and constitutional rights without alleging specific facts that would give rise to a constitutional violation.[19] As to plaintiffs' First Amendment claims there are no facts alleged of any conduct by any of these defendants, that they deprived M.T. and/or her parents of their right to free speech and/or association. Therefore, the court will dismiss plaintiffs' first amendment claims against defendants, Coach Fontenot, Coach Wittington, Principal Oakley, Robert Pete and Superintendent Bruchhaus.

As to the alleged excessive force claim under the Fourth and Eighth Amendments,[20] the only force alleged in the petition was Coach Fontenot slapping M.T. on the cheek. Plaintiffs have made no factual allegations as to any conduct by defendants Coach Wittington, Principal Oakley, Robert Pete, and Superintendent Bruchhaus to suggest that any of these defendants used any type of physical or excessive force against M.T.

Plaintiffs have alleged the following actions: "passive-aggressive tactics", treating M.T. in a "contradistinctive manner", a "smirk" being directed toward M.T., and a statement that if plaintiffs were unhappy with the basketball program, Principal Oakley would sign her release. There were also allegations of meetings being held by these defendants with the plaintiffs to discuss the issues with regard

---

[19] See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); Baker v. Putnal, 75 F.3d 190, 194 (5th Cir. 1996).

[20] The Fourth and Eighth Amendments are the primary sources of the constitutional protection against physically abusive conduct of a state actor.

to M.T. Based on these allegations and noting that the United States Supreme Court has held that a formulaic assertion of the elements of a cause of action is not sufficient to survive a motion to dismiss,[21] the court finds no basis for relief under 42 U.S.C. § 1983 for any of plaintiffs' alleged constitutional violations under the Fourteenth Amendment. . Thus, the court will dismiss any claims based on the Fourth, Eighth Amendments against defendants, Coach Wittington, Principal Oakley, Robert Pete, and Superintendent Bruchhaus, and we will further dismiss all of plaintiffs' due process claims pursuant to the Fourteenth Amendment and Article 1, section 2 of the Louisiana Constitution of 1974, as there are no factual allegations of a due process violation against any defendant.

**CONCLUSION**

For the reasons set forth above, the court will dismiss the following claims: plaintiffs' claims of punitive damages under both state and federal law; plaintiffs; § 1983 claims against the CPSB based on vicarious liability; plaintiffs' official capacity claims against defendants, Tisha Wittington, Drew Fontenot, Michael Oakley, Robert Pete and Karl Bruchhaus, plaintiffs' First Amendment and due process claims pursuant to the Fourteenth Amendment and Article 1, Section 2 of the Louisiana Constitution of 1974, plaintiffs' Fourth and Eighth Amendment claims against defendants Tisha Wittington, Michael Oakley, Robert Pete and Karl Bruchhaus .

**THUS DONE AND SIGNED** in chambers on this 17th day of February, 2016.

**JUDGE JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**

[21] Twombly, 550 U.S. at 555.