RECEIVED
MAY - 9 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| MICHON TERRI' CAESAR | CIVIL ACTION NO. 2:16-0022 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CALCASIEU PARISH SCHOOL BOARD, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #24) wherein Defendants, Drew Fontenot, Tisha Wittington, Michael Oakley, Robert Pete, Karl Bruchhaus, and the Calcasieu Parish School Board, move to dismiss Plaintiff's claims of intentional infliction of emotional distress, negligent hiring, supervision and training against all Defendants in this matter pursuant to Federal Rule of Civil Procedure 56.

## STATEMENT OF FACTS

Plaintiff, Michon Caesar, attended Iowa High School and participated on the women's basketball team during the 2014-2015 and 2015-2016 school year. Ms. Caesar alleges that during this time she was subjected to a pattern of conduct by Tisha Wittington,[1] that led to emotional distress. Ms. Wittington did not physically touch Ms. Caesar. Ms. Caesar's complaint alleges that Ms. Wittington spoke to her in a different tone of voice which made her uncomfortable.[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-

---

[1] The head basketball coach.
[2] Defendants' exhibit B.

1

moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[10] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[11]

## LAW AND ANALYSIS

Defendants maintain that the conduct complained of by Ms. Caesar does not rise to the level of a cognizable tort recognized by Louisiana law. Defendants seek to dismiss the following claims: (1) failure to supervise Ms. Wittington against Michael Oakley, (2) failure to supervise Michael Oakley against Robert

---

[3] Fed. R. Civ. P. 56(c).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[5] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[6] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[7] Anderson, 477 U.S. at 249.
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[10] Anderson, 477 U.S. at 249-50.
[11] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

Pete, (3) failure to supervise Ms. Wittington, Mr. Pete and Mr. Oakley against Superintendent, Karl Bruchhaus, (4) negligent hiring and/or promotion of Drew Fontenot,[12] Ms. Wittington, Mr. Oakley, Mr. Pete, and Mr. Bruchhaus, and (5) intentional infliction of emotional distress against Ms. Wittington.

*Intentional infliction of emotional distress*

To prove intentional infliction of emotional distress, Ms. Caesar must prove that (1) the conduct of the defendant was extreme and outrageous, (2) the emotional distress suffered by the plaintiff was severe, and (3) the defendant desires to inflict severe emotional distress or knew that sever emotional distress would be certain or substantially certain to result from the conduct.[13] The complained of conduct "must be so outrageous in character and so extreme in degree, as to go beyond all decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[14] "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind."[15]

In her deposition, Plaintiff was asked to explain Ms. Wittington's conduct; she testified that Ms. Wittington's tone was different towards her as opposed to other players,[16] Ms. Caesar felt like she could do nothing right, everything she did was wrong,[17] Ms. Wittington made comments to the team that "some of y'all think you're better than others",[18] Ms. Wittington made "offhand remarks",[19] Ms. Wittington constantly yelled at Ms. Caesar and told her she was not doing things right, to get off the floor and would

---

[12] In her complaint, Ms. Caesar alleges that Mr. Fontenot struck her on the cheek.
[13] White v. Monsanto, 585 So.2d 1205, 1209 (La.1991).
[14] White, 585 So.2d at 1210.
[15] Id.
[16] Defendants' exhibit A, Michon Caesar depo. p. 28, ln. 18-19.
[17] Id. p. 29, ln. 6-13.
[18] Id. p. 30, ln. 14-17.
[19] Id. p. 31.

3

give her an ugly look,[20] Ms. Caesar felt that when shooting the ball, every shot she took was not a good shot.[21] When asked of a specific example of extreme and outrageous conduct, Ms. Caesar testified, "[N]othing, just her attitude and the side remarks and the tone of voice."[22] Ms. Caesar testified that Ms. Wittington did not berate her, did not make fun of her publicly or privately and never called her demeaning names or told her she was worthless.[23]

During her senior year, Ms. Caesar complained that Ms. Wittington made her feel like she was not part of the team.[24] Ms. Caesar testified that there was no name calling and no outrageous personal attack,[25] but that she felt like Ms. Wittington did not care if she was there.[26]

Defendants remark that Ms. Caesar's medical treatment consisted of three (3) or four (4) appointments and she has never taken any prescription medication related to her alleged emotional distress.[27] Her only complaints consisted of not wanting to play basketball and sometimes hating basketball.[28] Notably absent from the record is any evidence that Ms. Caesar suffered severe emotional distress which is fatal to her claim.

The court finds that the conduct by Ms. Wittington for which Ms. Caesar complains was not so extreme and outrageous as to warrant an action for intentional infliction of emotional distress. Accordingly, this claim against Defendant, Ms. Wittington, will be dismissed.

*Negligent hiring and/or promotion of any of the defendants*

---

[20] Id. p. 34.
[21] Id. p. 34.
[22] Id. p. 37, ln. 16.
[23] Id. p. 34, lns. 22, 25; p. 35, ln 3, p. 36, ln. 22, 24; p. 36, ln. 1.
[24] Id. p. 39, ln. 4.
[25] Id. pp. 39 and 42.
[26] Id. pp. 42 and 43.
[27] Id. pp. 74 and 75.
[28] Id. pp. 73-74.

Ms. Caesar has no knowledge of any of the Defendants' personal or professional history prior to their employment at Iowa High School, nor does she know anything about the decision-making process. Ms. Ceasar has no evidence to indicate that any of the Defendants should not have been hired. Nothing in the record indicates that CPSB failed to exercise reasonable care in the selection, training or supervising of any of the named Defendants. The only argument made by Plaintiff is that a proper report was not made and/or the incident was not investigated. Accordingly, all claims against CPSB, Michael Oakley, Robert Pete and Karl Bruchhaus for negligent hiring, training or supervising of Defendants shall be dismissed.

*Failure to supervise Ms. Wittington*

Ms. Caesar asserts a cause of action against CPSB, Bruchhaus, Pete and Oakley for failure to supervise Ms. Wittington. Ms. Caesar has presented no evidence to support her claim and our finding herein above that Ms. Wittington's conduct was not tortious precludes any claims for failure to supervise. Accordingly, this claim will be dismissed as well.

## **CONCLUSION**

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice Plaintiff's claim of intentional infliction of emotional distress, and all claims of negligent hiring, training and supervision against all Defendants.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 9th day of May, 2017.

                                          _____
                                          **JAMES T. TRIMBLE, JR.**
                                          **UNITED STATES DISTRICT JUDGE**